STATE OF WEST VIRGINIA *v.* CLEO LEWIS

(No. 7893)

Submitted April 24, 1934.   Decided May 8, 1934.

*H. W. B. Mullins,* for plaintiff in error.
*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

LITZ, JUDGE:

Defendant, Cleo Lewis, was convicted upon an indictment, charging him with manslaughter for the death of Paul Foster, and sentenced to two years in the penitentiary.

About 11:30 a.m., on December 25, 1932, defendant, Marion Vickers (each twenty years of age), and Thurman Poling left the home of defendant at Racine, Boone County, in a Hupmobile coupe automobile, owned by the father of defendant, to attend a dinner at Whitesville, an unincorporated town, twenty miles distant. After delivering Christmas packages to certain homes along the way, they arrived at Whitesville and stopped at a drug store, where Poling left the party. Defendant and Vickers thereupon retraced their course over the main street (which was also a state road) to the outskirts of the village. Turning the car at that point, they started back through Whitesville. The pavement of the street was wet from melting snow. On the return trip the car skidded and turned over, striking and fatally injuring Paul Foster, nine years of age, who was standing with some other boys on the side of the street or highway.

According to the evidence for the state, Lewis and Vickers were intoxicated and Lewis was driving the car between 40 and 50 miles per hour, at the time of the accident. They assert that the car was not exceeding 30 miles per hour; that Vickers was driving; that neither was under the influence of liquor; and that a motor truck sideswiped their car, causing it to turn over and strike the deceased.

Defendant assigns as one of numerous errors alleged to have been committed by the trial court, the granting, at the instance of the state, of the following instruction: "The court instructs the jury that if the Lewis automobile, at the time of the accident described in the evidence in this case, was in the use, possession and custody of the defendant, Cleo Lewis, and was then being operated by Marion Vickers by request of, and with the permission of, and under the direction of the defendant, and that the defendant was then present in the automobile in the seat by the side of the driver, and in position to see and know the speed at which it was being operated, and to appreciate the results of and from such operation, and if you believe from the evidence in this case

beyond a reasonable doubt that Marion Vickers, at and immediately before the accident in question was operating said car on and along the state highway through the town of Whitesville at a place where fifty per cent or more of the frontage of the territory contiguous thereto for a distance of three hundred feet or more was occupied on the day of the accident by buildings then in use for business, at a greater rate of speed than twenty miles per hour, and the said Cleo Lewis made no effort to control the operation of said car, then in that event, he is a party to the operation of the car, and subject to all the laws and regulations in respect thereto to the same extent as if he was actually operating said car himself." This instruction told the jury, in substance, that defendant was responsible for the criminally negligent operation of the car by Vickers if he (Vickers) at and immediately before the accident, was, to the knowledge of, and without protest from, defendant, driving it in excess of the statutory rate of speed. The instruction does not even require the rate of speed to be the proximate cause of the accident. Such a proviso should be required of a similar instruction in a civil action against the driver for negligence in exceeding the speed limit.

The attorney general, in justification of the instruction complained of, cites authority to the effect that the owner or proprietor of an automobile who as a passenger permits the car to be driven by an intoxicated chauffeur or to be driven by anyone in an obviously reckless and dangerous manner is criminally responsible for the negligence of the driver, resulting in personal injury to third persons. Whether or not the rule as stated should be applied in this case, its application does not justify the instruction, which considers only the fact that the car was being driven, to the knowledge of, and without protest from, defendant, in excess of the statutory rate of speed.

The judgment is, therefore, reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*